# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JAY CONNOR<br><br>                    Plaintiff,<br>v.<br><br>CHW GROUP, INC. d/b/a<br>CHOICE HOME WARRANTY<br><br>                    Defendant. | Case No.: 2:23-cv-6127-RMG<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

Plaintiff Jay Connor ("Mr. Connor"), by his undersigned counsel, for this complaint against Defendant CHW Group, Inc., doing business as Choice Home Warranty ("Choice") as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

### I.   INTRODUCTION

1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

2. Mr. Connor alleges that Defendant utilized pre-recorded messages to advertise its goods or services.

3. The Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. seq*.

4. The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the Do Not Call Registry, as Mr. Connor's was prior to receiving the call.

## II. PARTIES

5. Plaintiff Jay Connor resides in Charleston, South Carolina.

6. Defendant CHW Group, Inc. is a New Jersey corporation that has its places of business in New Jersey and which sells home service contracts nationwide, including as it attempted to do with Mr. Connor in South Carolina.

## III. JURISDICTION AND VENUE

7. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim for violation of the SCTPPA relates to the same telemarketing campaign as the TCPA claim.

8. <u>Personal Jurisdiction</u>: The Court has specific personal jurisdiction over the defendant because the calls at issue were made by Choice into this District.

9. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—occurred in this District.

## IV. FACTS

A. **The TCPA Prohibits Automated Telemarketing Calls**

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (2003).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a

telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 (2012) (footnotes omitted).

**B.     The SCTPPA**

15.     On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq.*

16.     The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

17.     The SCTPPA also requires, at the outset of a telephone solicitation, that a telephone solicitor shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made. *See* S.C. Code § 37-21-40.

18.     The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80. The SCTPPA also provides for an award of attorneys' fees and costs. *Id.*

**C.     Unsolicited Telemarketing to Plaintiff**

19.     Plaintiff Connor is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20.     Plaintiff's wireless telephone number is (843)-718-XXXX.

21.     Plaintiff placed the number on the National Do Not Call Registry in 2021.

22. The number is assigned to a cellular telephone service.

23. Mr. Connor uses the number for personal, residential, and household reasons.

24. Plaintiff Connor never consented to receive calls from Defendant.

25. Plaintiff Connor never did business with Choice Home Warranty.

26. Despite this, Plaintiff received a pre-recorded call on the number on March 1, 2023 from the caller ID 843-905-5531.

27. The company was not properly identified in the pre-recorded message, so Mr. Connor responded to the pre-recorded message.

28. Indeed, RoboKiller, identified the number that called as a "scam call". *See* https://lookup.robokiller.com/p/843-905-5531.

29. During the call on March 1, 2023, the caller wanted to sell Plaintiff a home warranty. During the subsequent sales pitch, Mr. Connor spoke with a representative from the Defendant. This representative provided the Defendant's name and services, but did not provide his last name.

30. The Plaintiff was able to identify the Defendant as the caller because he received documentation and an email from the Defendant.

31. Mr. Connor didn't want to be called, cancelled the plan he purportedly purchased, and told the Defendant that prior to ending the call.

32. Defendant's agent said he "didn't know" why he got the illegal call and that he got the Plaintiff's number from a "database" that is a "computer operation system that calls and reaches out."

33. Plaintiff's privacy has been violated by the above-described telemarketing call.

5

34. Defendant is no stranger to violating the TCPA. There exist active cases in multiple other jurisdictions alleging nearly identical conduct to that alleged here.

35. Plaintiff never provided his consent or requested the call.

36. Plaintiff has been harmed by the acts of Defendant because his privacy has been violated and he were annoyed and harassed. In addition, the calls occupied his telephone line, rendering it unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(b)(1)(A)

37. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

38. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to Plaintiff's cellular telephone using an artificial or prerecorded voice.

39. Defendant's violations were negligent, willful, or knowing.

40. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff is presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

41. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION
### SCTPPA

42. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

43. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

44. The SCTPPA also requires, at the outset of a telephone solicitation, that a telephone solicitor shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made.

45. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## PRAYER FOR RELIEF

**WHISEFORE**, Plaintiff prays for the following relief:

A. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers using an artificial or prerecorded voice, absent an emergency circumstance;

B. An award to Plaintiff of damages, as allowed by law; and

C. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## V.     DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this November 30, 2023.

*/s/ David A. Maxfield*
David A. Maxfield, Fed ID 6293
P.O. Box 11865
Columbia, SC 29211
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

Andrew Roman Perrong, Esq.
(PA #333687, *Pro Hac Vice Forthcoming*)
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorneys for Plaintiff*